## Turner v. Turner

*Jeffrey S. Evans,* for plaintiff.
*Deborah K. Hoff,* for defendant.

WALKER, *J.,* October 12, 1990—Plaintiff, Gary A. Turner, and defendant, Barbara Turner, entered into a separation agreement dated February 23, 1989, which, inter alia, provided for child support and the transfer of the marital home. By order of this court dated April 26, 1989, the parties were divorced. The agreement was neither incorporated nor merged into the divorce decree, but provided that it "shall survive any action for divorce and decree of divorce and shall forever be binding and conclusive on the parties."

On October 27, 1989, Barbara filed a petition for child support in Frederick County, Maryland. The court awarded her child support in the amount of $200 per month.

Plaintiff subsequently filed the instant complaint in equity on February 14, 1990, seeking to set aside

the separation agreement and to void the deed to the marital property executed pursuant to the agreement. Defendant filed preliminary objections to the complaint in the nature of a motion to dismiss, alleging the equity jurisdiction is not appropriate because plaintiff's action is controlled by the Divorce Code, 23 P.S. §101 et seq. Defendant also argues that plaintiff also has a full and complete remedy at law in the form of an action in assumpsit.

Both parties are misconstruing the Divorce Code and relying on cases that are no longer controlling. On February 12, 1988, a year before plaintiff and defendant entered into the property settlement agreement, the legislature approved section 401.1 of the Divorce Code, to take effect immediately. The amendatory act added a new section to the code, providing as follows:

"§401.1. *Effect of agreement between the parties.*

"(a) A party to an agreement regarding matters within the jurisdiction of the court under this act, whether or not the agreement has been merged or incorporated into the decree, may utilize a remedy or sanction set forth in this act to enforce the agreement to the same extent as though the agreement had been an order of the court except as provided to the contrary in the agreement.

"(c) In the absence of a specific provision to the contrary appearing in the agreement, a provision regarding the disposition of existing property rights and interests between the parties, alimony, alimony pendente lite, counsel fees or expenses shall not be subject to modification by the court." Section 2 of the act of February 12, 1988, P.L. 66, no. 13, 23 P.S. §401.1.

In this court's judgment, section 401.1(c) of the code, above, controls this case. There being no provision to the contrary in the settlement agree-

ment, the provisions regarding the disposition of existing property rights and interests between the parties are not subject to modification by the court. See *D'Huy v. D'Huy,* 390 Pa. Super. 509, 525, 568 A.2d 1289, 1296 (1990) (Johnson, *J.,* concurring in part, dissenting in part).

The courts have not yet had an opportunity to fully explain section 401.1 but the Superior Court noted in *Sonder v. Sonder,* 378 Pa. Super 474, 549 A.2d 155 (1988), that the new section:

"[E]liminates the confusion engendered by the use of the terms merger and incorporation and treats all agreements, whether incorporated, merged or not, the same as a court order for enforcement purposes. It eliminates modifiability, unless agreed to by the parties, as to property rights, alimony and counsel fees, but provides: '(b) A provision of an agreement regarding child support, visitation or custody shall be subject to modification by the court upon a showing of changed circumstances.' Many of the problems presented by this case are resolved by the long overdue legislation. . ." *Id.,* 378 Pa. Super. at 492 n.5, 549 A.2d at 164 n.5.

Plaintiff and defendant revisit questions as to whether the agreement is controlled by the provisions of the Divorce Code concerning enforcement and as to whether the case should be heard on the equity or law side. Section 401.1 has eliminated the need to answer many of the questions which have given both trial and appellate courts "so much trouble and which have caused so much consternation within the family practice bar." *Bell v. Bell,* 390 Pa. Super. 526, 543, 568 A.2d 1297, 1306 (1990) (Morgan, *J.,* dissenting).

The section preserves the court's ability to modify child support, visitation or custody, those "areas

where the ability of the court to ensure that the child's best interests are served has always been regarded as being of paramount importance." *Sonder,* 378 Pa. Super. at 546, 549 A.2d at 191 (Beck, *J.,* concurring in part, dissenting in part). However, the courts no longer have the power to modify agreements regarding provisions for property rights and interests, alimony, alimony pendente lite, counsel fees or expenses. Accordingly, section 401.1 renders further judicial analysis of prior court decisions and statutory language into these matters inappropriate and unnecessary.

In the instant case, plaintiff alleges that he was not represented by counsel when he entered into the agreement and that defendant's actions in seeking an increase in child support above the amount provided by the agreement deprived him of a substantial portion of the consideration for which he bargained. Plaintiff, therefore, seeks to set aside the property settlement agreement entered into by the parties and to set aside the deed executed by the parties pursuant to the agreement. This is the ultimate modification.

Plaintiff is not only asking that this court change the terms of the agreement, but asking that it set aside all of the agreement's provisions regarding the parties' property rights and interests. This is precisely the kind of action the legislature hoped to control through section 401.1(c). The act's language could not be more clear; absent a specific provision to the contrary, this court does not have the power to modify any agreement as far as it determines property rights and interests. Those sections of the Divorce Code pertaining to separation agreements control this action and plaintiff's suit cannot be brought in equity. Defendant's preliminary objec-

tion is sustained and plaintiff's action to set aside or modify the property settlement agreement is dismissed.

## ORDER OF COURT

October 12, 1990, plaintiff's complaint seeking to set aside the property settlement agreement is dismissed.